FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 21 2012 ★

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
ISLIP DIVISION

| | |
|---|---|
| FREDDY GERSHON, FREDDY G JEWLERS, INC., And JASON GERSHON, individually and derivatively On behalf of LION MOUNTAIN HOLDINGS, LLC (a Delaware Limited Liability Company),<br><br>Plaintiffs,<br><br>vs.<br><br>DEREK C. LURIE<br><br>Defendant. | CASE NO: 600727/2012<br>Cv-12-2514 (SJF)<br>(ETB) |

## MOTION TO TRANSFER VENUE
## TO THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NOW comes Defendant Derek C. Lurie, pro se and moves this Honorable Court to transfer venue of these proceedings from the United States District Court for the Eastern District of New York District Court to the United States District Court for the Northern District of Illinois pursuant to 28 USC 1404(A).

For the following reasons, the Motion to Transfer Venue to the Northern District of Illinois is appropriate:

1. The sole Defendant Derek C. Lurie resides in Illinois in the Northern District. Pursuant to 28 USC 1404(A) and 28 USC 1391 (b) (1).

2. Defendant Derek C. Lurie worked out of his home during this period in Illinois.

3. The vast amount of Documents, records and transactions mentioned in the complaint, especially paragraph 7 and 8 are located and took place in the State of Illinois. Pursuant 28 USC 1404 (b) (a judicial district in which a substantial part of property that is the subject of the action is situated)

4. The allegations of the events mentioned in the Plaintiffs claim paragraph 7 occurred in the State of Illinois and Matthew N Kriser, an Illinois resident, the grantor of such loan, source of funds which were personally guaranteed by Jason Gershon and would be a key witness in these proceedings. See Simonian vs. Maybelline Case No. 10 C 1615

RECEIVED
JUN 21 2012
EDNY PRO SE OFFICE

Case 2:12-cv-02514-SJF-ETB  Document 4  Filed 06/21/12  Page 2 of 3 PageID #: 16

5. Plaintiffs admit the most significant relationship locale to the material allegations set forth in paragraph 8 is in the State of Illinois.

6. A majority of the witnesses that would be called in this case including but not limited to Matthew N. Kriser, Susan Lurie, Steven Lurie and Defendant reside in the state of Illinois making the availability of compulsory process to secure attendance of witnesses and the cost of attendance for willing witnesses. Pursuant 28 Section 1404 (A) and Volkswagen II, 545 F.3d at 315 (quoting Volkswagen I, 371 F.3d at 203). Gulf Oil Corp v Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055 (1947). See Coffey v Van Dorn Iron Works, 796 F. 2d 217, 219 (7th Cir. 1986).

7. Northern District of Illinois 'is a district it could have been filed originally' pursuant to section 28 USC 1404 (A)

8. The complaint was filed in the State of New York is an inconvenient forum and venue for key witnesses who reside in Illinois and the Defendant is currently unemployed and penniless making travel, costs and obtaining proper litigation in another state almost impossible.

WHEREFORE, in the interest and administration of justice, pro se moves this Honorable Court transfer this matter to the Northern District Court of Illinois and for such further and other relief as this court deems just. By separate motion, Defendant are also respectfully requesting that this Court stay further proceedings until it has had an opportunity to rule on the present Motion to Transfer Venue.

Dated 18th day of June 2012

Respectfully submitted,
Derek C. Lurie, pro, se

Derek Lurie
1155 Hackberry Deerfield, IL 60015
dereklurie17@gmail.com

CC :  Rosenberg Calica & Dirney, LLP
100 Garden City Plaza, Suite 408
Garden City, NY 11530

Junge & Mele, LLP
250 W. 57th Street, Suite 2532
New York, NY 10107

