UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FREDDY GERSHON, FREDDY G JEWELERS, INC.,
and JASON GERSHON, individually and derivatively
on behalf of LION MOUNTAIN HOLDINGS, LLC,

                Plaintiffs,

                **ORDER**
-against-         12-CV-2514 (SJF)(ETB)

DEREK C. LURIE,

                Defendant.
----------------------------------------------------------------X

FEUERSTEIN, J.

On April 19, 2012, plaintiffs Freddy Gershon, Freddy G Jewelers, Inc., Jason Gershon, and Lion Mountain Holdings, LLC ("plaintiffs") commenced this action in the Supreme Court of the State of New York against Derek C. Lurie ("defendant"), alleging that plaintiffs were defrauded in connection with defendant's promise to obtain investors for plaintiffs' mining venture. On May 18, 2012, defendant removed the action to this Court. Now before the Court is defendant's motion to transfer venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) ("section 1404(a)"). For the reasons that follow, defendant's motion is denied, without prejudice to renewal following discovery.

I.    Background

According to plaintiffs, Freddy and Jason Gershon entered into a joint venture with certain individuals in Sierra Leone to develop a mining operation in that country. Complaint [Docket Entry No. 1] at ¶¶ 2-4. In 2010, defendant, "while in New York State, falsely and fraudulently represented to [plaintiffs] that [he] was capable of raising investor funds and capital for the [mining venture], and was capable of providing business advice and assistance to

1

[plaintiffs]." Id. at ¶ 5. Defendant also (1) "sought to induce [plaintiffs] to transfer and convey their joint venture interest . . . to an entity in which [defendant] would have an equity interest, in consideration of [defendant's] false and fraudulent promise to raise investor funds," and (2) "fraudulently induced and misadvised Jason Gershon to make personal loans and to sign individual guarantees and pledges of his personal assets, at a time while Jason Gershon was falsely induced by [defendant] to believe that he was merely obtaining funds . . . from investors." Id. at ¶ 7.

Plaintiffs later learned that prior to his involvement with the mining venture defendant had operated an unlicensed mortgage servicing company through which he embezzled money belonging to homeowners. Id. at ¶ 8. "[A]s a result of [defendant's] stigma and public record of direct participation in prior financial frauds," a partner in the joint venture withdrew from the project, and plaintiffs "were rendered unable to meet their own contractual commitments to provide funds for the [joint venture], suffered ruinous losses of their prospective interest in the [joint venture], [and] have thus far been unable to obtain any formal ownership interest in the [joint venture]." Id. at ¶¶ 8-11.

II. Discussion

"A motion to transfer venue requires a two-part inquiry: first, whether the action might have been brought in the transferee court; and second, whether transfer is appropriate considering the convenience of both the parties and the witnesses, and in the interest of justice." Pescorino v. Vutec Corp., No. 11-CV-6312, 2012 WL 5989918, at *2 (E.D.N.Y. Nov. 30, 2012). "Among the factors to be considered in determining whether to grant a motion to transfer venue are . . . (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of

2

parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted). Defendant bears the burden of establishing the propriety of a change of venue by clear and convincing evidence, see Pescorino, 2012 WL 5989918, at *2, and the Court has "broad discretion in making determinations of convenience under [s]ection 1404(a)," D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

Plaintiffs do not dispute that this action could have been brought in the Northern District of Illinois. Federal jurisdiction in this case is premised upon diversity of citizenship, and 28 U.S.C. § 1391(a) provides that, in diversity cases, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Since defendant resides in the Northern District of Illinois, this action could have been brought there, and the Court must determine whether the convenience of the parties and the interest of justice warrant a transfer of venue.

Defendant argues that the Court should transfer venue to the Northern District of Illinois because: (1) defendant resides in the Northern District of Illinois; (2) defendant worked out of his home during the time period at issue in this case; (3) most of the documents and records mentioned in the complaint are located in the Northern District of Illinois; (4) a majority of the witnesses that would be called in this case, including Matthew N. Kriser, Susan Lurie and defendant, reside in Illinois; and (5) defendant is "unemployed and penniless[,] making travel, costs and obtaining proper litigation in another state almost impossible." [Docket Entry No. 4].

In response, plaintiffs argue that venue in this district is proper because: (1) defendant made the allegedly fraudulent promises to plaintiffs while in New York; and (2) "[n]umerous

3

other pivotal witnesses (and potential additional parties)" involved in the mining venture are located in New York or are subject to New York jurisdiction. [Docket Entry No. 7-1] at 2-5.[1]

Defendant has not met his burden to establish that venue in the Northern District of Illinois is more convenient for the parties and witnesses and in the interest of justice. Plaintiffs' choice of forum is "a decision that is given great weight," D.H. Blair, 462 F.3d at 107, and "should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum," Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp.2d 49, 57 (S.D.N.Y. 2001) (internal quotation marks omitted). See also Myers v. Lennar Corp., No. 08-CV-2799, 2010 WL 1992200, at *3 (E.D.N.Y. May 17, 2010) ("[T]he plaintiff's choice of forum is entitled to substantial weight and will not be disturbed lightly.") (internal quotation marks omitted). "Courts afford a plaintiff's choice of forum less weight when the operative events occurred outside of the district or when the plaintiff is not a resident of the district." Myers, 2010 WL 1992200, at *3. Here, however, at least some of the events giving rise to the action allegedly occurred in New York, and plaintiffs reside in this district. Therefore, the first factor weighs against transferring venue.

Based upon the record before it, the Court cannot conclude that the remaining factors favor transfer: (1) defendant has not explained the role that the witnesses residing in Illinois play in the case; (2) defendant has failed to show that any witnesses are not subject to process in New York; (3) aside from defendant's conclusory assertion that relevant documents and property are located in Illinois, the record contains no information on the locus of operative facts or the location of likely sources of proof in the case; and (4) the fact that plaintiffs have retained

---

[1] Plaintiffs also rely upon the fact that the mining joint venture agreement and the loan agreement executed by Mr. Kriser contain New York forum selection clauses. Since plaintiffs do not appear to be suing defendant under either of these agreements, the forum selection clauses are irrelevant to the venue analysis.

4

counsel and defendant is currently proceeding pro se does not support the conclusion that there is an economic disparity between the parties, see Quan v. Computer Scis. Corp., No. 06-CV-3927, 2008 WL 89679, at *7 (E.D.N.Y. Jan. 7, 2008) ("Where an economic disparity exists between the parties, courts may consider their relative means."); Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp.2d 325, 331 (E.D.N.Y. 2006) ("A party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances.") (internal quotation marks omitted). Furthermore, although venue in the Northern District of Illinois is more convenient for defendant, "[t]he convenience of the parties becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party." IDT Domestic Telecom, Inc. v. Estrella Telecom, Inc., No. 09-CV-10436, 2010 WL 1047648, at *3 (S.D.N.Y. Mar. 19, 2010). Here, transferring the case to the district in which defendant resides from the district in which plaintiffs reside would merely shift the inconvenience from one party to the others.

III.  Conclusion

In light of defendant's failure to demonstrate that any of the relevant factors favor transfer of venue, defendant's motion is denied. Defendant is granted leave to renew his application following discovery, if appropriate at that time.

**SO ORDERED.**

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: February 1, 2013
Central Islip, New York

5